09-1989-ag
Hoyos v. Holder

BIA
A098 361 208

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
>    PIERRE N. LEVAL,
>    JOSÉ A. CABRANES,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges*.

_____

MARIA ISABEL HOYOS, a.k.a. MARIA ISABEL ROMERO,
>    *Petitioner*,

>    v.                                        09-1989-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>    *Respondent*.

_____

**FOR PETITIONER:**     William H. Oltarsh, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Nairi M. Simonian, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Isabel Hoyos, a native and citizen of Colombia, seeks review of an April 22, 2009 order of the BIA denying her motion to reopen. *In re Maria Isabel Hoyos, a.k.a. Maria Isabel Romero*, No. A098 361 208 (B.I.A. Apr. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We find that the BIA did not abuse its discretion in denying Hoyos's motion to reopen as untimely. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). There is no dispute that Hoyos's motion to reopen, filed in August 2008, was untimely because the IJ's order of removal became final in May 2006. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to

2

reopen no later than 90 days after the date on which the final administrative decision was rendered). However, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided, among other requirements, that the movant shows that she was prejudiced by her counsel's performance. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

The BIA reasonably found that Hoyos failed to demonstrate that she was prejudiced by her former counsel's allegedly deficient performance, noting that a timely motion to reopen would have been due in August 2006, while Hoyos did not meet with her former counsel until January 2007, and indeed her marriage to a U.S. citizen – the basis of her motion to reopen for adjustment of status – did not take place until December 2006. Although Hoyos argues that the BIA's decision was based on the standards set forth in *Matter of Compean,* 24 I. & N. Dec. 710 (A.G. 2009), a decision which was later vacated, *see Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009), even under the applicable pre-*Compean* standard, a motion to reopen for ineffective assistance of counsel required a showing that counsel's deficient performance prejudiced the outcome of the alien's

3

proceedings. *See Rashid*, 533 F.3d at 131. Moreover, insofar as the BIA is the administrative body to which the motion Hoyos's former counsel allegedly failed to file would have been directed, the BIA's statement that "there is no indication that such a motion would have been granted[,]" is tantamount to a finding that it would have denied the untimely motion pursuant to its discretionary authority under 8 C.F.R. § 1003.2(a). Accordingly, the BIA's denial of Hoyos's motion was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4